# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICHOLAS WASHINGTON-LEE,**

      Petitioner,

      v.                     Case No. 10-C-162

**WILLIAM POLLARD,**

      Respondent.

## ORDER DENYING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE

On February 26, 2010, Nicholas Washington-Lee ("Lee"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Accompanying his petition was a motion seeking to the court to stay this matter and hold the petition in abeyance as he exhausted his state court remedies. (Docket No. 2.) Lee has paid the requisite filing fee and consented to the full jurisdiction of a magistrate judge. (Docket No. 4.)

Lee states that the Wisconsin Supreme Court denied his request for review of his conviction on April 14, 2009, (Docket No. 2 at 1), and thus his conviction became final on July 14, 2009 when the 90-day deadline passed for Lee seeking review by the United States Supreme Court. See Sup. Ct. R. 13. Therefore, Lee appears to have until July 14, 2010 in which to file a federal petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1)(A).

Lee states his petition is a "mixed" petition in that it contains both claims that he has exhausted in state court and those he has not. See Rose v. Lundy, 455 U.S. 509 (1982). A court

cannot grant a petition if it contains unexhausted claims unless the respondent expressly waives the requirement. 28 U.S.C. § 2254(b). Therefore, when confronted with a mixed petition, a petitioner is often given a choice: either withdraw the entire petition and return to state court to exhaust the unexhausted claims or proceed with the exhausted claims and withdraw his unexhausted claims.

But the one-year statute of limitations imposed upon persons wishing to challenge a state court judgment, see 2244(d)(1), can create a trap for the unwary. Because individuals convicted pursuant to state court judgments generally can file only one federal petition for habeas corpus, see 28 U.S.C. § 2244(a)-(b), if more than one year has already elapsed between the petitioner's conviction becoming final and his realizing that his petition is mixed, a decision to seek voluntary dismissal of his entire petition and to exhaust his remedies in state court may mean he is giving up his opportunity to ever challenge his petition by way of a federal habeas corpus petition. Thus, in such a situation, the petitioner who wants to have a federal court consider the claims that he has not yet exhausted in state court must generally persuade the district court to stay his petition and hold it in abeyance as he exhausts his state court remedies.

Lee is not in this second situation. He has recognized that his petition is mixed well before the one-year statute of limitations has passed. Accordingly, a stay is unnecessary. Lee has ample time to return to state court to exhaust his unexhausted claims and to then return to federal court with a new petition for a writ of habeas corpus. In fact, according to his petition, Lee has already begun this process of exhausting his state court remedies and the matter remains pending in state court. (Docket No. 1 at 4.)

The court reminds Lee that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2) and thus, when this provision is applicable, the deadline for filing a petition for a writ of habeas

2

corpus under 28 U.S.C. § 2254 can be significantly later than one year after the time for filing a petition for a writ of certiorari with the United States Supreme Court regarding the petitioner's direct appeal.

In light of the fact that, based upon the representations contained in Lee's motion to stay his petition, Lee has time to be able to exhaust his state court remedies and to then return to this court with a new petition, the court finds that Lee has failed to demonstrate good cause for his failure to exhaust his state court remedies and therefore is not entitled to a stay. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008).

Therefore, Lee's motion to stay the proceedings and hold his petition in abeyance shall be denied. Thus, Lee is presented with the choice outlined above. He may choose either to (1) move to voluntarily dismiss his petition in its entirety; or (2) proceed with the claims in his petition that he has exhausted in state court and withdraw his unexhausted claims. Either decision may have consequences that Lee should consider. Electing to proceed with only the claims he has already exhausted in state court will likely mean that a federal court will never be able to review his unexhausted claims. See 28 U.S.C. § 2244(a)-(b). On the other hand, choosing to voluntarily dismiss his petition in its entirety can cause Lee to be susceptible to various pitfalls. For example, Lee will have to be sure to file a new petition promptly after having exhausted his state court remedies so as to avoid running afoul of the one-year statute of limitations. The choice is Lee's and the court shall give him 28 days in which to make it.

**IT IS THEREFORE ORDERED** that Lee's motion to stay the proceedings and hold his petition in abeyance, (Docket No. 2), is **denied**.

**IT IS FURTHER ORDERED** that within **28 days** of this order, Lee shall notify the court he is either (1) voluntarily dismissing his petition in its entirety or (2) dismissing from his petition his unexhausted claims and proceeding with his exhausted claims; if Lee chooses this second option

3

the court shall then screen his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Dated at Milwaukee, Wisconsin this 2nd day of April 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge