UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NICHOLAS WASHINGTON-LEE,**

      Petitioner,

      v.                                          Case No. 10-C-162

**WILLIAM POLLARD,**

      Respondent.

## ORDER GRANTING MOTION TO STAY PROCEEDINGS
## AND HOLD PETITION IN ABEYANCE

On February 26, 2010, Nicholas Washington-Lee ("Lee"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Lee acknowledges that his petition is a "mixed" petition in that it contains both claims that he has exhausted in state court and those he has not, see Rose v. Lundy, 455 U.S. 509 (1982), and therefore, accompanying his petition was a motion seeking the court to stay this matter and hold the petition in abeyance as he exhausted his state court remedies. (Docket No. 2.)

On April 2, 2010, the court denied Lee's motion to stay noting that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2). (Docket No. 6.) Because Lee had already begun the process of exhausting his state court remedies and the court calculated that he had ample time to re-file a petition in federal court should his state court remedies be unsuccessful, the court denied the

motion to stay. (Docket No. 6.) The court ordered Lee to inform the court within 28 days whether he wished to dismiss his petition in its entirety or to dismiss his unexhausted claims and proceed with his exhausted claims. (Docket No. 6.)

On May 10, 2010, Lee filed a renewed motion seeking the court to stay his present petition or in the alternative to dismiss his petition without prejudice. (Docket No. 7.) In this motion, Lee states that the Wisconsin circuit court determined that his post-conviction motion was procedurally barred and therefore did not resolve the motion upon its merits. Based upon this decision of the circuit court, Lee is concerned that should he withdraw his present petition, a subsequent petition may be found to be time-barred if the federal court were to conclude that his present effort to exhaust his state court remedies was not "properly filed."

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). For example, if an application is untimely under state law, it is not "properly filed" and thus will not toll the one-year statute of limitations applicable to § 2254 petitions. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

In light of Lee's representation that the circuit court has determined that his current motion for post-conviction relief is procedurally barred, should this conclusion be affirmed upon appeal, there is a strong possibility that the proceedings currently pending in state court would not be considered a "properly filed" application under § 2244(d)(2) and thus would not serve to toll the one-year statute of limitations.

Lee and this court are both placed in a tough spot. In the interests of comity, this court wants the state courts to be given a full opportunity to resolve all of an inmate's legal claims before a federal court will become involved by way of a petition for a writ of habeas corpus. This includes giving the Wisconsin courts a full opportunity to consider whether Lee's current post-conviction

2

motion is procedurally barred. But this process may take a while. If the appellate review process lasts beyond mid-July of 2010, as it almost surely will, and the conclusion that Lee's motion for post-conviction relief was procedurally barred is affirmed, the result would likely mean that any subsequently filed federal petition for habeas corpus relief would be time-barred.

For these reasons, the court concludes that this is one of the rare cases where it is appropriate to stay these proceedings and hold Lee's petition in abeyance. Accordingly, Lee's motion, to stay the proceedings and to hold his petition in abeyance, (Docket No. 7), is **granted**.

Within **28 days** upon exhausting his state court remedies with respect to the appeal currently pending, see Wisconsin Court of Appeals Case Number 2010AP985, in his underlying criminal case, see Milwaukee County Circuit Court Case Number 2006CF6238, Lee shall contact this court and inform the court of the disposition of the state court matter and indicate whether he would like to proceed with his present petition or to withdraw his present petition. **Failure to timely update the court of the disposition of the state court proceedings may result in the present petition being dismissed**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 11th day of May 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge